**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHERISE CASARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: |
| | ) | |
| TGI FRIDAY'S INC., a corporation; | ) | |
| CENTRAL FLORIDA RESTAURANTS, | ) | |
| INC d/b/a TGI Friday's #83; YADAV | ) | |
| ENTERPRISES, INC., a corporation; | ) | |
| MENARD, INC. a corporation; and | ) | |
| DWELL & DÉCOR OUTDOOR, a | ) | |
| Corporation; | ) | (Removed from the Circuit Court |
| | ) | of Cook County, Illinois |
| Defendants. | ) | Case No. 2021 L 10195) |
| | ) | |
| | ) | **JURY DEMAND** |

## NOTICE OF REMOVAL

NOW COMES the Defendant, MENARD, INC., by and through its attorney, W. ANTHONY ANDREWS of OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD., and pursuant to 28 U.S.C. §§ 1332 and 1441, files this notice of removal of the above captioned matter from the Circuit Court of Cook County, Illinois, under Case Number 2021 L 10195 to this Honorable Court. In support of this Notice, Menard states as follows:

## JURISDICTION

1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332(a)(1), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because there is complete diversity of jurisdiction between the Plaintiff and the Defendants.

**STATEMENT OF FACTS**

2. On October 18, 2021, an action was commenced in the Circuit Court of Cook County, Illinois, entitled *Cherise Casara v. TGI Friday's Inc., a corporation; Central Florida Restaurants, Inc. d/b/a/ TGI Friday's #83, Yadav Enterprises, Inc., a corporation; Menard, Inc., a corporation; and Dwell & Décor Outdoor, a corporation*, case number 2021 L 10195.

3. Menard was served with the Amended Complaint on November 23, 2021. A copy of all process, pleadings and orders served upon Menard in the state court action are attached hereto as **Exhibit 1**.

4. As of the date of removal, Defendants TGI Friday's, Yadav Enterprises, and Central Florida Restaurants have been served or otherwise accepted service. Menard has been informed by Plaintiff's counsel that no other Defendant (*i.e*., Dwell and Décor) has been served. Counsel for Menard has spoken with counsel for TGI Friday's, Central Florida Restaurants, and Yadav Enterprises, who advised they consent to this removal and will file a consent to removal on the record. (*See also* **Ex. 2**).

**BASIS FOR REMOVAL**

5. Removal of a civil action is allowed under 28 U.S.C. § 1441 by a defendant who is sued on a claim or right that has original jurisdiction in the federal district court.

6. This claim is removable based on 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the Plaintiff and the Defendants. The action is therefore within the subject matter jurisdiction of this Court.

7. At the time which this action commenced, Plaintiff was a citizen of the State of Illinois. (**Ex. 1**).

8. At the time which this action commenced, Defendant Menard was a corporation incorporated under the laws of Wisconsin, having its principal place of

business in the State of Wisconsin at 5101 Menard Drive, Eau Claire, Wisconsin 54703. (**Ex. 3**).

9. At the time which this action commenced, Defendant TGI Friday's was a corporation incorporated under the laws of New York, having its principal place of business in the State of Texas at 19111 Dallas Parkway, Suite 165, Dallas, TX 75287. (**Ex. 4**).

10. At the time which this action commenced, Defendant Central Florida Restaurants, Inc. was a corporation incorporated under the laws of California, having its principal place of business in the State of California at 3550 Mowry Ave #301, Fremont, CA 94538. (**Ex. 5**).

11. At the time which this action commenced, Defendant Yadav Enterprises was a corporation incorporated under the laws of California, having its principal place of business in the State of California at 3550 Mowry Ave #301, Fremont, CA 94538. (**Ex. 6**).

12. At the time which this action commenced, Defendant Dwell and Décor was a corporation incorporated under the laws of Delaware, having its principal place of business in the State of Alabama at 400 Chase Park South Ste 212, Hoover, AL 35244. (**Ex. 7**).

13. Moreover, this is a civil case where the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff has filed her Complaint in the Cook County Law Division, which requires an ad damnum of at least $50,000. (*See* **Ex. 2**). Moreover, Plaintiff alleges in her Complaint that she was struck on the head by an allegedly defective umbrella, which caused her "severe and disabling injuries" for which "she became and was and may in the future remain sick, sore, lame and disabled." (**Ex. 1**). She further alleges that she has spent, and may in the future spend, "a large sum of money for medical, hospital and doctor care and attention." *Id.* Plaintiff's counsel further advised that Plaintiff has suffered a *permanent brain injury* for which she is still treating and that she remained out of work for a certain period. Given this information, and the

severity of the injury and damages, Menard estimates in good faith that the amount in controversy exceeds $75,000.

## COMPLIANCE WITH REMOVAL PROCEDURES

14. Menard has complied with all the procedural requirements for removal set forth in 28 U.S.C. § 1446. The notice of removal is being filed within 30 days of the service of Plaintiff's Complaint.

15. On information and belief, no other Defendant other than Menard and TGI Friday's has been served with process as of the date of removal. (*See* **Ex. 2**). On December 1, 2021, Menard was informed by Plaintiff's counsel that only Menard and TGI Friday's has been served. Counsel for TGI Friday's (as well as Yadav Enterprises and Central Florida Restaurants) indicates they have accepted service and will file a formal consent to removal on the record. The consent of other to-be-served defendant, Dwell and Décor, is not required. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir.1993).

16. Notice of this removal is being provided to Plaintiff, through her attorneys of record and the Circuit Court of Cook County, Illinois.

17. Pursuant to § 1446(d), a copy of this Notice of Removal will be filed with the Circuit Court of Cook County, Illinois, in Case No. 2021 L 10195.

WHEREFORE, for the foregoing reasons, Defendant Menard removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois and respectfully request that the Court exercise jurisdiction over this matter.

    Respectfully submitted,

By: */s/ W. Anthony Andrews*
    One of Defendants' attorneys

W. Anthony Andrews (ARDC # 6217267)
OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.
1804 N. Naper Blvd; Suite 350
Naperville, IL. 60563
630-682-0085

STATE OF ILLINOIS    )
                                  ) SS.
COUNTY OF DUPAGE  )

I, W. ANTHONY ANDREWS, do hereby certify, and having been first duly sworn upon oath do hereby state, that I have read the above and foregoing Notice of Removal, by me subscribed as signatory for MENARD, INC., and the same is true and correct to the best of my knowledge and belief.

                                                                */s/ W. Anthony Andrews*
                                                               W. ANTHONY ANDREWS

SUBSCRIBED and SWORN to before
me this 2nd day of December, 2021

*/s/     Andrea Mangialardi*
NOTARY PUBLIC