

# Notice of Service of Process

**C9H / ALL**
**Transmittal Number: 24109838**
**Date Processed: 11/23/2021**

| | |
|---|---|
| **Primary Contact:** | Andrew Akey<br>Menard, Inc.<br>5101 Menard Dr<br>Eau Claire, WI 54703-9604 |
| **Electronic copy provided to:** | Meghan Olson<br>Todd Lemanski<br>Elizabeth Weber |
| **Entity:** | Menard, Inc.<br>Entity ID Number 0033810 |
| **Entity Served:** | Menard, Inc. |
| **Title of Action:** | Cherise Casara vs. TGI Friday's Inc. |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 2021L010195 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 11/23/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Dean J. Caras<br>312-494-1500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT 1**

FILED
11/10/2021 2:19 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L010195

15554997

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

CHERISE CASARA

Plaintiff(s)

v.

TGI FRIDAY'S INC. et al.

Case No. 21 L 10195

Defendant(s)

Menard, Inc., Prentice Hall Corp, 801 Adlai Stevenson Dr., Springfield, IL 62703

Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ● Sheriff Service   ○ Alias

## SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

**THERE IS A FEE TO FILE YOUR APPEARANCE.**

**FILING AN APPEARANCE:** Your appearance date is NOT a court date. It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

● Atty. No.: 16980
○ Pro Se 99500
Name: Dean J. Caras
Atty. for (if applicable):
Plaintiff
Address: 320 W. Illinois St., Ste. 2312
City: Chicago
State: IL   Zip: 60654
Telephone: (312) 494-1500
Primary Email: dean.caras@deancaras.com

Witness date _____

11/10/2021 2:19 PM IRIS Y. MARTINEZ
Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

FILED DATE: 11/10/2021 2:19 PM  2021L010195

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

FILED DATE: 11/10/2021 2:19 PM   2021L010195

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
   OR
   ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES
#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

Attorney No. 16980

STATE OF ILLINOIS )
                    ) SS
COUNTY OF COOK )

FILED
11/10/2021 11:14 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L010195

15548798

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| CHERISE CASARA, ) | |
|       Plaintiff, ) | |
| v. ) | |
| TGI FRIDAY'S INC., a corporation; ) CENTRAL FLORIDA RESTAURANTS, ) INC. d/b/a TGI Friday's #83; YADAV ) ENTERPRISES, INC., a corporation; ) MENARD, INC., a corporation; and ) DWELL & DECOR OUTDOOR, a ) corporation; ) | Case No. 21 L 10195 |
|       Defendants. ) | |

### **FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, CHERISE CASARA, by and through her attorney, Dean J. Caras, and for her First Amended Complaint against Defendant, TGI FRIDAY'S INC. ("TGI FRIDAY'S"), a corporation; CENTRAL FLORIDA RESTAURANTS, INC. ("CFR"), d/b/a TGI Friday's #83; YADAV ENTERPRISES, INC. ("YADAV"), a corporation; MENARD, INC. ("MENARDS"), a corporation; and DWELL & DECOR OUTDOOR ("DDO"), a corporation; states as follows:

1

## COUNT I: NEGLIGENCE (PREMISES LIABILITY) AGAINST TGI FRIDAY'S

1. At all times relevant herein, Plaintiff, CHERISE CASARA, is an individual residing in the City of Chicago, County of Cook, State of Illinois.

2. At all times relevant herein, Defendant, TGI FRIDAY'S, a corporation incorporated to do business under the laws of the State of New York, owned, operated, and managed a restaurant named TGI Friday's #83, located at 401 North Harlem Avenue, Village of Oak Park, County of Cook, State of Illinois.

3. At all times relevant herein, Defendant, TGI FRIDAY'S, managed the aforementioned property owned by Defendant.

4. That on or about September 26, 2020, Plaintiff was lawfully on Defendant's premises at the invitation and suggestion of the Defendant as an invitee.

5. That on or about September 26, 2020, Plaintiff was seated in the patio area of the restaurant when a pole from the restaurant's patio umbrella fell off and struck Plaintiff in the back of her head, neck, and back.

6. That on the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendant to exercise reasonable care and caution in the operation, management, maintenance, and control of the aforesaid premises, in order to avoid causing injury to persons lawfully on the aforesaid premises and in particular, the Plaintiff herein.

7. That on the date aforesaid, Defendant, notwithstanding said duty in the premises, was then and there guilty of the following negligent acts and/or omissions:

    a. Carelessly, negligently, and improperly allowed and/or installed patio umbrellas in an unsafe and dangerous manner, in that parts of the umbrella were loose and fell off of the umbrella;

FILED DATE: 11/10/2021 11:14 AM 2021L010195

    b. Carelessly, negligently, and/or improperly installed the patio umbrellas in an unsafe and dangerous manner, although it knew or in the exercise of reasonable care, should have known that this could cause injury to persons lawfully present in the premises, in particular the Plaintiff herein;

    c. Carelessly, negligently and improperly failed to inspect the aforesaid premises in order to ascertain that the same was safe and in ample time to have remedied and/or removed any dangerous and unsafe condition; and

    d. Failed to warn, either by signs or word of mouth, about potential harm caused by the patio umbrellas or other patio furniture, although it knew or in the exercise of reasonable care, should have known that this could cause injury to persons lawfully present in the premises, in particular the Plaintiff herein.

8. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the Plaintiff, while lawfully on the aforesaid premises of the Defendant and acting with due care and caution for her own safety, was struck by a pole that fell from the restaurant's patio umbrella, thereby causing severe and disabling injuries; that she became and was and may in the future remain sick, sore, lame and disabled; that she suffered, and may in the future suffer great pain, anguish and physical impairment; that she has spent, and may in the future spend, a large sum of money for medical, hospital and doctor care and attention; that she was unable to, and may in the future be unable to, attend to her usual duties and affairs for a long period of time, to her great detriment.

WHEREFORE, Plaintiff, CHERISE CASARA, prays for judgment against Defendant, TGI FRIDAY'S INC., in an amount in excess of the jurisdictional limits of this Court, plus the costs of this action and whatever other relief this Honorable Court deems just and proper.

## COUNT II: NEGLIGENCE (PREMISES LIABILITY) AGAINST CFR

9. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

10. At all times relevant herein, Defendant, CFR, a corporation incorporated to do business under the laws of the State of California, owned, operated, and managed a restaurant named TGI Friday's #83, located at 401 North Harlem Avenue, Village of Oak Park, County of Cook, State of Illinois.

11. At all times relevant herein, Defendant, CFR, managed the aforementioned property owned by Defendant.

12. That on or about September 26, 2020, Plaintiff was lawfully on Defendant's premises at the invitation and suggestion of the Defendant as an invitee.

13. That on or about September 26, 2020, Plaintiff was seated in the patio area of the restaurant when a pole from the restaurant's patio umbrella fell off and struck Plaintiff in the back of her head, neck, and back.

14. That on the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendant to exercise reasonable care and caution in the operation, management, maintenance, and control of the aforesaid premises, in order to avoid causing injury to persons lawfully on the aforesaid premises and in particular, the Plaintiff herein.

15. That on the date aforesaid, Defendant, notwithstanding said duty in the premises, was then and there guilty of the following negligent acts and/or omissions:

    a. Carelessly, negligently, and improperly allowed and/or installed patio umbrellas in an unsafe and dangerous manner, in that parts of the umbrella were loose and fell off of the umbrella;

    b. Carelessly, negligently, and/or improperly installed the patio umbrellas in an unsafe and dangerous manner, although it knew or in the exercise of reasonable

4

      care, should have known that this could cause injury to persons lawfully present in the premises, in particular the Plaintiff herein;

c. Carelessly, negligently and improperly failed to inspect the aforesaid premises in order to ascertain that the same was safe and in ample time to have remedied and/or removed any dangerous and unsafe condition; and

d. Failed to warn, either by signs or word of mouth, about potential harm caused by the patio umbrellas or other patio furniture, although it knew or in the exercise of reasonable care, should have known that this could cause injury to persons lawfully present in the premises, in particular the Plaintiff herein.

16. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the Plaintiff, while lawfully on the aforesaid premises of the Defendant and acting with due care and caution for her own safety, was struck by a pole that fell from the restaurant's patio umbrella, thereby causing severe and disabling injuries; that she became and was and may in the future remain sick, sore, lame and disabled; that she suffered, and may in the future suffer great pain, anguish and physical impairment; that she has spent, and may in the future spend, a large sum of money for medical, hospital and doctor care and attention; that she was unable to, and may in the future be unable to, attend to her usual duties and affairs for a long period of time, to her great detriment.

WHEREFORE, Plaintiff, CHERISE CASARA, prays for judgment against Defendant, CENTRAL FLORIDA RESTAURANTS, INC. ("CFR"), d/b/a TGI Friday's #83, in an amount in excess of the jurisdictional limits of this Court, plus the costs of this action and whatever other relief this Honorable Court deems just and proper.

## COUNT III: NEGLIGENCE (PREMISES LIABILITY) AGAINST YADAV

17. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

18. At all times relevant herein, Defendant, YADAV, a corporation incorporated to do business under the laws of the State of California, owned, operated, and managed a restaurant named TGI Friday's #83, located at 401 North Harlem Avenue, Village of Oak Park, County of Cook, State of Illinois.

19. At all times relevant herein, Defendant, YADAV, managed the aforementioned property owned by Defendant.

20. That on or about September 26, 2020, Plaintiff was lawfully on Defendant's premises at the invitation and suggestion of the Defendant as an invitee.

21. That on or about September 26, 2020, Plaintiff was seated in the patio area of the restaurant when a pole from the restaurant's patio umbrella fell off and struck Plaintiff in the back of her head, neck, and back.

22. That on the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendant to exercise reasonable care and caution in the operation, management, maintenance, and control of the aforesaid premises, in order to avoid causing injury to persons lawfully on the aforesaid premises and in particular, the Plaintiff herein.

23. That on the date aforesaid, Defendant, notwithstanding said duty in the premises, was then and there guilty of the following negligent acts and/or omissions:

    a. Carelessly, negligently, and improperly allowed and/or installed patio umbrellas in an unsafe and dangerous manner, in that parts of the umbrella were loose and fell off of the umbrella;

    b. Carelessly, negligently, and/or improperly installed the patio umbrellas in an unsafe and dangerous manner, although it knew or in the exercise of reasonable

care, should have known that this could cause injury to persons lawfully present in the premises, in particular the Plaintiff herein;

c. Carelessly, negligently and improperly failed to inspect the aforesaid premises in order to ascertain that the same was safe and in ample time to have remedied and/or removed any dangerous and unsafe condition; and

d. Failed to warn, either by signs or word of mouth, about potential harm caused by the patio umbrellas or other patio furniture, although it knew or in the exercise of reasonable care, should have known that this could cause injury to persons lawfully present in the premises, in particular the Plaintiff herein.

24. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the Plaintiff, while lawfully on the aforesaid premises of the Defendant and acting with due care and caution for her own safety, was struck by a pole that fell from the restaurant's patio umbrella, thereby causing severe and disabling injuries; that she became and was and may in the future remain sick, sore, lame and disabled; that she suffered, and may in the future suffer great pain, anguish and physical impairment; that she has spent, and may in the future spend, a large sum of money for medical, hospital and doctor care and attention; that she was unable to, and may in the future be unable to, attend to her usual duties and affairs for a long period of time, to her great detriment.

WHEREFORE, Plaintiff, CHERISE CASARA, prays for judgment against Defendant, YADAV ENTERPRISES, INC., in an amount in excess of the jurisdictional limits of this Court, plus the costs of this action and whatever other relief this Honorable Court deems just and proper.

## COUNT IV: STRICT PRODUCTS LIABILITY AGAINST MENARDS

25. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

26. At all times relevant herein, Defendant, MENARDS, a corporation incorporated to do business in the state of Wisconsin, owned, operated, managed, and/or maintained home improvement retail stores that sold products in the state of Illinois.

27. Prior to and/or including September 26, 2020, Defendant, MENARDS, put patio umbrellas into circulation for sale to the public at large.

28. Prior to and/or including September 26, 2020, Defendants TGI FRIDAY'S, CFR, and/or YADAV, purchased a patio umbrella from MENARDS that was installed in the restaurant named TGI Friday's #83, located at 401 North Harlem Avenue, Village of Oak Park, County of Cook, State of Illinois, at or near the tables in which customers sat to be served, including Plaintiff herein.

29. At the time the patio umbrella was sold by and left the control of Defendant, MENARDS, the patio umbrella was in a condition that was unreasonably dangerous, defective, and unsafe in its design and manufacture, in that:

   a. The patio umbrella was not able to be securely fastened into its base, in that parts were missing that would be necessary to prevent the patio umbrella and/or any of its component parts from falling off, causing a danger to individuals in the vicinity of where the patio umbrella was installed, in particular Plaintiff herein;

   b. The patio umbrella was designed in a manner that it and/or its component parts could not be tightly secured to prevent the patio umbrella and/or any one or more of its component parts from falling off, causing a danger to individuals in the vicinity of where the patio umbrella was installed, in particular Plaintiff herein;

   c. There were no adequate warnings as to the dangers of the patio umbrella, in particular the danger of the patio umbrella and/or its component parts becoming loose and falling; and

FILED DATE: 11/10/2021 11:14 AM 2021L010195

    d. The patio umbrella was otherwise unreasonably dangerous, defective, and unsafe.

30. One or more of these defects existed when the patio umbrella left Defendant MENARDS' control, making the patio umbrella unreasonably dangerous because it failed to perform in the manner reasonably to be expected in light of its intended function and/or because the magnitude of the dangers outweighed the utility of the patio umbrella.

31. As a direct and proximate result of the condition of the patio umbrella as aforesaid, the patio umbrella and/or any one or more of its component parts became detached and fell and struck Plaintiff on September 26, 2020, causing injuries to Plaintiff.

32. By reason of the premises and as a direct and proximate result of the aforesaid condition of the patio umbrella, Plaintiff, while acting with due care and caution for her own safety, was struck by a pole that fell from the restaurant's patio umbrella, thereby causing severe and disabling injuries; that she became and was and may in the future remain sick, sore, lame and disabled; that she suffered, and may in the future suffer great pain, anguish and physical impairment; that she has spent, and may in the future spend, a large sum of money for medical, hospital and doctor care and attention; that she was unable to, and may in the future be unable to, attend to her usual duties and affairs for a long period of time, to her great detriment.

WHEREFORE, Plaintiff, CHERISE CASARA, prays for judgment against Defendant, MENARD, INC., in an amount in excess of the jurisdictional limits of this Court, plus the costs of this action and whatever other relief this Honorable Court deems just and proper.

## COUNT V: STRICT PRODUCTS LIABILITY AGAINST DDO

33. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

34. Defendant, DDO, upon information and belief a corporation headquartered in Alabama, does business in the State of Illinois.

35. Prior to and/or including September 26, 2020, Defendant, DDO, was engaged in the business of designing, manufacturing, and distributing outdoor home decor products to retailers for sale to the public at large, including patio umbrellas.

36. Prior to and/or including September 26, 2020, Defendants TGI FRIDAY'S, CFR, and/or YADAV, purchased a patio umbrella from MENARDS, which was a product designed, manufactured, and/or distributed by Defendant DDO, and which was installed in the restaurant named TGI Friday's #83, located at 401 North Harlem Avenue, Village of Oak Park, County of Cook, State of Illinois, at or near the tables in which customers sat to be served, including Plaintiff herein.

37. At the time the patio umbrella left the control of Defendant, DDO, the patio umbrella was in a condition that was unreasonably dangerous, defective, and unsafe in its design and manufacture, in that:

    a. The patio umbrella was not able to be securely fastened into its base, in that parts were missing that would be necessary to prevent the patio umbrella and/or any of its component parts from falling off, causing a danger to individuals in the vicinity of where the patio umbrella was installed, in particular Plaintiff herein;

    b. The patio umbrella was designed in a manner that it and/or its component parts could not be tightly secured to prevent the patio umbrella and/or any one or more of its component parts from falling off, causing a danger to individuals in the vicinity of where the patio umbrella was installed, in particular Plaintiff herein;

    c. There were no adequate warnings as to the dangers of the patio umbrella, in particular the danger of the patio umbrella and/or its component parts becoming loose and falling; and

10

d. The patio umbrella was otherwise unreasonably dangerous, defective, and unsafe.

38. One or more of these defects existed when the patio umbrella left Defendant DDO's control, making the patio umbrella unreasonably dangerous because it failed to perform in the manner reasonably to be expected in light of its intended function and/or because the magnitude of the dangers outweighed the utility of the patio umbrella.

39. As a direct and proximate result of the condition of the patio umbrella as aforesaid, the patio umbrella and/or any one or more of its component parts became detached and fell and struck Plaintiff on September 26, 2020, causing injuries to Plaintiff.

40. By reason of the premises and as a direct and proximate result of the aforesaid condition of the patio umbrella, Plaintiff, while acting with due care and caution for her own safety, was struck by a pole that fell from the restaurant's patio umbrella, thereby causing severe and disabling injuries; that she became and was and may in the future remain sick, sore, lame and disabled; that she suffered, and may in the future suffer great pain, anguish and physical impairment; that she has spent, and may in the future spend, a large sum of money for medical, hospital and doctor care and attention; that she was unable to, and may in the future be unable to, attend to her usual duties and affairs for a long period of time, to her great detriment.

WHEREFORE, Plaintiff, CHERISE CASARA, prays for judgment against Defendant, DWELL & DECOR OUTDOOR, in an amount in excess of the jurisdictional limits of this Court, plus the costs of this action and whatever other relief this Honorable Court deems just and proper.

FILED DATE: 11/10/2021 11:14 AM   2021L010195

## COUNT VI: NEGLIGENCE (PRODUCTS LIABILITY) AGAINST DDO

41. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

42. Defendant, DDO, had a duty to design, manufacture, sell, and/or distribute patio furniture, in particular patio umbrellas, that were safe and would not cause harm to foreseeable users and/or individuals lawfully present on the premises where the patio umbrellas were installed, including Plaintiff herein.

43. At the time Defendant DDO manufactured the patio umbrella and said patio umbrella left Defendant DDO's control, Defendant DDO carelessly and negligently:

   a. Designed, manufactured, and/or distributed for ultimate sale a patio umbrella that was not reasonably safe for its foreseeable use and imposed an unreasonable risk of harm on the ultimate user and/or individuals lawfully present on the premises where the patio umbrella was installed, in particular Plaintiff herein, in that parts were missing and/or defective, leading to the foreseeable and unreasonable risk that the patio umbrella and/or one or more of its component parts would become detached and fall, causing injury;

   b. Designed, manufactured, and/or distributed for ultimate sale a patio umbrella that was likely and liable to have one or more of its component parts become detached and fall, causing injury to persons who used the product and/or were lawfully present on certain premises where the patio umbrella was installed, in particular Plaintiff herein;

   c. Failed to provide adequate warnings as to the dangers of the patio umbrella, in particular one or more of its component parts becoming unmoored or detached from its base and falling, causing injury to persons who used the product and/or were lawfully present on certain premises where the patio umbrella was installed, in particular Plaintiff herein;

   d. Failed to furnish adequate devices to secure the parts of the patio umbrella, so that they would not come apart while in use; and

   e. Was otherwise careless and negligent.

44. As a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions of Defendant DDO, the patio umbrella and/or any one or more of

its component parts became detached and fell and struck Plaintiff on September 26, 2020, causing injuries to Plaintiff.

45. By reason of the premises and as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of Defendant DDO, Plaintiff, while acting with due care and caution for her own safety, was struck by a pole that fell from the restaurant's patio umbrella, thereby causing severe and disabling injuries; that she became and was and may in the future remain sick, sore, lame and disabled; that she suffered, and may in the future suffer great pain, anguish and physical impairment; that she has spent, and may in the future spend, a large sum of money for medical, hospital and doctor care and attention; that she was unable to, and may in the future be unable to, attend to her usual duties and affairs for a long period of time, to her great detriment.

WHEREFORE, Plaintiff, CHERISE CASARA, prays for judgment against Defendant, DWELL & DECOR OUTDOOR, in an amount in excess of the jurisdictional limits of this Court, plus the costs of this action and whatever other relief this Honorable Court deems just and proper.

Respectfully Submitted,

*/s/ Dean J. Caras*
Dean J. Caras

Dean J. Caras
Attorney for Plaintiff
320 W. Illinois St., Suite 2312
Chicago, IL 60654
312-494-1500
Attorney No. 16980
dean.caras@deancaras.com