UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERISE CASARA, | |
| Plaintiff, | No. 21 C 6456 |
| v. | Judge Thomas M. Durkin |
| MENARD, INC.; TGI FRIDAY'S INC.; CENTRAL FLORIDA RESTAURANTS, INC.; YADAV ENTERPRISES INC.; and DWELL & DÉCOR OUTDOOR, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Cherise Casara alleges that she was injured when patio umbrella fell and struck her head while she was eating at a TGI Friday's restaurant. The umbrella was sold by Menard's and manufactured by Dwell & Décor. Menard's has moved to dismiss pursuant to 735 ILCS 5/2-621. R. 10. That motion is granted.

**Analysis**

Illinois provides an exception to strict products liability for non-manufacturers. The retailer of an allegedly defective item must be dismissed from the case if the manufacturer is identified. The relevant statute provides:

> Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have or are required to have answered or otherwise pleaded, the court shall order the dismissal of a product liability action based on any theory or doctrine against [a non-manufacturer].

735 ILCS 5/2-621(b).

Casara does not dispute that she knows that Dwell & Décor is the manufacturer of the patio umbrella and that Menard's should be dismissed from the case. But she argues that Menard's should not be dismissed until Dwell & Décor has been served and has answered, which has not yet occurred. Casara argues that the statute requires such forbearance because it provides for dismissal "once . . . the manufacturer or manufacturers have or are required to have answered or otherwise pleaded." *Id.*

Although this is not an unreasonable interpretation of the statute, it runs contrary to a later provision. The statute provides that a plaintiff may move to "reinstate" the non-manufacturer under certain circumstances, including when "the manufacturer is not amenable to service of process." 735 ILCS 5/2-621(b)(3). To require reinstatement after the manufacturer is not amenable to service, the non-manufacturer must have already been dismissed. Clearly, the statute contemplates dismissal of non-manufacturer defendants before the manufacturer has been served. Other courts have agreed that it is impractical to retain a non-manufacturer in the case until the manufacturer is served. *See, e.g.*, *Fleece v. Volvo Construction Equipment N. Am.*, 2011 WL 1303150, at *4 (N.D. Ill. Apr. 4, 2011); *Dehmlow v. Austin Fireworks*, 1993 WL 217256, at *2 (N.D. Ill. June 18, 1993).

## Conclusion

Therefore, Menard's motion to dismiss [10] is granted, and the claims against it are dismissed without prejudice. The parties should contact the Court's Deputy to schedule a status hearing.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: February 16, 2022